```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

P.A.M. TRANSPORT, INC.                                      PLAINTIFF

      v.                        Case No. 11-5130

FAURECIA AUTOMOTIVE SEATING, INC.;
FAURECIA USA HOLDINGS, INC.;
FAURECIA INTERIOR SYSTEMS, USA, INC.;
and FAURECIA RIVERSIDE, LLC                                DEFENDANTS

## ORDER

Now on the 26th day of October, 2011, comes on for consideration defendants' **Motion to Dismiss or, in the Alternative, Transfer Venue (doc. #7)** and the response and reply thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. The plaintiff, P.A.M. Transport, Inc. (hereinafter "P.A.M."), filed this action on May 27, 2011 against the defendants Faurecia Automotive Seating, Inc., Faurecia USA Holdings, Inc., Faurecia Interior Systems, USA, Inc., and Faurecia Riverside, LLC.

The complaint is brought under both federal question and diversity jurisdiction and asserts claims for breach of contract, action on account, and failure to pay interstate transportation charges.

1

2.    The instant motion to dismiss asserts that the Court lacks personal jurisdiction against the defendants. Alternatively, the motion seeks to dismiss or transfer this matter for improper venue pursuant to a forum selection clause.[1]

### PERSONAL JURISDICTION

3.    "When personal jurisdiction is challenged, plaintiff has the burden to show that jurisdiction exists." Burlington Industries Inc. v. Maples Industries, 97 F.3d 1100, 1102 (8th Cir. 1996) (citation omitted).  "[T]he burden does not shift to the party challenging jurisdiction." Gould v. P.T. Krakatau Steel, 957 F.2d 573, 575 (8th Cir.), *cert. denied* 506 U.S. 908 (1992), citing Newhard, Cook & Co. v. Inspired Life Centers, Inc., 895 F.2d 1226, 1228 (8th Cir. 1990).

P.A.M., as the plaintiff asserting it, has the burden of making a prima facie showing of this Court's jurisdiction over the defendants. *See* First National Bank of Lewisville, Arkansas v. First National Bank of Clinton, Kentucky, 258 F.3d 727, 729 (8th Cir. 2001); Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990).

To ascertain whether jurisdiction exists, one must determine "(1) whether a forum's long-arm statute permits the assertion of jurisdiction and (2) whether assertion of personal jurisdiction

---

[1] Pursuant to the parties' Notice of Stipulation (document #21) which was filed on October 7, 2011, the following defendants have been dismissed from this action: Faurecia USA Holdings, Inc., Faurecia Interior Systems USA, Inc., and Faurecia Riverside, LLC.  The instant motion will, therefore, be analyzed with respect to the only remaining defendant, Faurecia Automotive Seating, Inc.

violates federal due process." Graphics Controls Corp. v. Utah Med. Prods., Inc., 149 F.3d 1382, 1385 (Fed. Cir. 1998)(footnote omitted).

Arkansas' long-arm statute permits the assertion of jurisdiction to the extent permitted by the Due Process Clause. Ark. Code Ann. § 16-4-101(B) (Supp. 1995); *see also* Kilcrease v. Butler, 293 Ark. 454, 455, 739 S.W.2d 139 (1987). Therefore, the sole inquiry this Court need make is whether the exercise of personal jurisdiction is consistent with the due process clause[2]. *See* 3D Systems, Inc. V. Aarotech Laboratories, Inc.*,* 160 F.3d 1373, 1377 (Fed. Cir. 1998); *see also* Epps v. Stewart Information Services Corp., 327 F.3d 642, 647 (8th Cir. 2003).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz*,* 471 U.S. 462, 471-72 (1985)(quotation omitted). Due process requires sufficient "minimum contacts" between the defendant and the forum state so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 291-92 (1980).

---

[2] Courts are to apply the "minimum contacts" standard developed in International Shoe and its progeny. Hilderbrand v. Steck Mfg. Co., Inc., 279 F.Supp.2d 1351, 1355 (Fed.Cir. Feb. 7, 2002).

To satisfy its burden, a plaintiff asserting jurisdiction must establish either specific jurisdiction or general jurisdiction. <u>Merck & Co., Inc. v. Barr Lab., Inc.</u>, 179 F.Supp.2d 368, 371 (D.Del. 2002); <u>Mason v. Mooney Aircraft Corp.</u>, 2003 WL 21244160 (W.D. Missouri)(Slip Opinion)(May 8, 2003)(explaining differences in two concepts).

(a) <u>General Personal Jurisdiction</u> -- General jurisdiction arises when the defendant has continuous and systematic contacts with the state, irrespective of whether defendant's connections are related to the particular cause of action. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984).

(b) <u>Specific Personal Jurisdiction</u> – Specific personal jurisdiction is distinguished from general personal jurisdiction in that specific jurisdiction usually refers to a "situation in which the cause of action arises directly from the defendant's contacts with the forum State." <u>Viam Corp. v. Iowa Export-Import Trading Co.</u>, 84 F.3d 424 (C.A. Fed. 1996).

4. It appears to the Court that PAM is asserting jurisdiction under both general and specific jurisdiction theories. Accordingly, the Court will analyze the contentions together and make distinctions when and where appropriate.

5. Due process focuses on the fundamental fairness of exercising jurisdiction over a nonresident defendant, and therefore, "it is essential in each case that there be some act

by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

The United States Supreme Court has held that to maintain general jurisdiction over a foreign defendant, the facts must establish "substantial" or "continuous and systematic general business contacts" with the forum state. Helicopteros, 466 U.S. at 416. Such affiliations are construed in light of the Due Process Clause which permits the Court to exercise jurisdiction only if doing so would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). That is, a defendant must "reasonably anticipate being haled into court" in the remote forum. World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980). While lack of physical presence in a state cannot alone defeat jurisdiction, "random," "fortuitous," or "attenuated" contacts do not count in the minimum contacts calculus. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). If a party is amenable to general jurisdiction, then it can be said that it has such numerous contacts with the forum that it may be haled into court in that forum even for a suit not arising out of its forum contacts. *See* Helicopteros, 466 U.S. at 416.

5

A showing of contacts alone, however, is not enough; a foreign defendant may still defeat jurisdiction by marshaling a compelling case that its exercise would be unreasonable or contrary to concepts of fair play and substantial justice.  <u>Viam Corp.</u>, 84 F.3d at 429.  "The test of unreasonableness is a multi-factored balancing test that weighs any burdens on the defendant, against various countervailing considerations, including the plaintiff's interest in a convenient forum and the forum state's interest in resolving conflicts flowing from in-state events."  <u>Id.</u>, citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. at 477.  For these reasons, a "plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction."  <u>Molnlycke Health Care AB v. Dumex Medical Surgical Prod., Ltd.</u>, 64 F.Supp.2d 448, 450 (E.D. Pa. 1999).

Once a defendant's contacts with the forum have been established, the Court considers the following factors in deciding whether to exercise jurisdiction:

    (1)  the nature and quality of defendant's contacts with the forum state;

    (2)  the quantity of such contacts;

    (3)  the relation of the cause of action to the contacts;

    (4)  the interest of the forum state in providing a forum for its residents; and

6

(5)  the convenience of the parties.

Epps, 327 F.3d at 648, citing Burlington Industries, Inc. v. Maple Industries, Inc., 97 F.3d 1100, 1102 (8th Cir. 1996)(addt'l citations omitted).  In applying these factors, the central inquiry is the "relationship among the defendant, the forum and the litigation."  Land-O-Nod Co. v. Bassett Furniture, Inc., 708 F.2d 1338, 1340 (8th Cir. 1983)(quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)).

Finally, even where a jurisdictional threshold can be established, "personal jurisdiction may be defeated if its exercise would be unreasonable" and in making this determination, the Court considers factors such as

> (a) the burden on the defendant; (b) the interest of the forum state; © the plaintiff's interest in obtaining relief; (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (e) the shared interest of the several states in furthering fundamental substantive social policy.

Asahi, 480 U.S. at 113-14; Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 374 (8th Cir. 1990).

6.  The plaintiff's complaint asserts that Faurecia Automotive Seating, Inc.  (hereinafter "Faurecia") is in breach of contract for failure to pay certain charges related to interstate transportation services which P.A.M. provided to Faurecia.  The complaint states that "Faurecia conducts business

in Arkansas and is subject to personal jurisdiction in Arkansas."

(a) In response, Faurecia contends that it lacks sufficient contacts with the State of Arkansas to be subjected to personal jurisdiction in this Court. In support of this contention, Faurecia argues[3]:

* that it was "not involved in business in Arkansas;"

* that the relationship between the parties originated via a third-party logistics firm out of Ohio; and,

* that although PAM provided interstate transportation services transporting Faurecia materials to and from various Faurecia facilities, Faurecia had no Arkansas facilities.

(b) PAM counters by asserting -- through affidavit testimony:

* that Faurecia and PAM negotiated extensively through electronic mail and other communications concerning the terms of a Master Transportation Service Agreement;

* that Faurecia was regularly engaged in communications with Hopkins, who is PAM's Vice President of Sales and Marketing and located in PAM's corporate headquarters in Tontitown, Arkansas, about the interstate transportation services provided by PAM;

* that PAM hauled at least 60 of the unpaid shipments identified in its Complaint from Mexico to Sterling Heights,

---

[3] The defendants' statements concerning their lack of contacts with the State of Arkansas are made solely in their briefing and are not supported by affidavit testimony.

Michigan, or from Sterling Heights, Michigan, to Mexico and all shipments traveled extensively in the State of Arkansas; and,

   * that at least 73 of the unpaid shipments upon which PAM makes claim for detention charges also traveled this same route and extensively in the State of Arkansas.

   The foregoing assertions appear to focus on the contention that the Court has specific personal jurisdiction over Faurecia.

   © PAM further argues that Faurecia has contacts with the State of Arkansas sufficient to support general personal jurisdiction because:

   * Faurecia is the sixth largest auto parts supplier in the world; and is the 9th largest automotive supplier in North America;

   * Faurecia's North America sales exceeded $3.4 billion in 2010; and,

   * Faurecia's own web site proclaims "Every Car Has A Bit of Faurecia."

   7.  The Court will first discuss the argument asserting general personal jurisdiction.  Although PAM argues that general personal jurisdiction is satisfied because auto parts manufactured by Faurecia are ultimately included in cars sold extensively in the State of Arkansas, this "stream of commerce" argument is not an adequate basis for the exercise of general jurisdiction and the Court rejects it.  As established by

9

Goodyear Dunlop Tires Operations, S.A. v. Brown, "[s]uch a connection does not establish the 'continuous and systematic' affiliation necessary" for general jurisdiction. Accordingly, the Court rejects this contention.

    8.   The Court now turns to an analysis of PAM's arguments asserting specific personal jurisdiction.

        (a)   PAM argues that specific personal jurisdiction is present due to the contract negotiations between the parties. This contention is not persuasive. Applicable case law indicates that "'[m]erely entering into a contract with a forum resident does not provide the requisite contacts between a (nonresident) defendant and the forum state.'" Scullin Steel Co. v. National Ry. Utilization Corp., 676 F.2d 309, 313 (C.A. Mo. 1982)(citing Iowa Electric Light & Power Co. v. Atlas Corp., 603 F.2d 1301, 1303)). And, "[c]ontact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause." Porter v. Berall, 293 F.3d 1073, 1076 (8th Cir. 2002).

        (b)   PAM further argues that, since it hauled the shipments of Faurecia's products extensively through the State of Arkansas, those activities provide sufficient contacts with the State to support jurisdiction. However, the case law again counsels otherwise -- holding that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant

10

cannot satisfy the requirement of contact with the forum State." Hanson v. Denckla, 357 U.S. 235, 253 (1958). "The critical relationship is that 'among the defendant, the forum, and the litigation.'" Scullin Steel, 676 F.2d at 313 (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)). 131 S.Ct. 2846, 2851 (2011).

The Court, therefore, concludes that the arguments advanced by PAM in support of either general or specific jurisdiction are unavailing and that it does not, in fact, have jurisdiction of Faurecia in this matter.

VENUE

9. Faurecia also argues that the plaintiff's complaint should be dismissed or transferred for improper venue pursuant to FRCP 12(b)(3) and/or 12(b)(6) based on a forum selection clause.

Because the Court has concluded that personal jurisdiction is lacking, it will not address this argument but, rather, leave it for a court with proper jurisdiction.

**IT IS THEREFORE ORDERED** that defendants' **Motion to Dismiss or, in the Alternative, Transfer Venue (doc. #7)** is hereby **GRANTED** and that this case is **dismissed for want of jurisdiction**.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE